UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,  **REPORT,**
 **RECOMMENDATION**
 **and ORDER**

v.
 15-CR-00206-WMS-JJM

DAMION CHRISTOPHER ALEXANDER BROWN,

                      Defendant.
_____

        Defendant Damion Christopher Alexander Brown is charged in a five-count Indictment [1][1] with conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 18 U.S.C. §846, possession with intent to distribute and distribution of 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A), maintaining a drug-involved premises, in violation of 21 U.S.C. §856(a)(1) and 18 U.S.C. §2, bribery of a public official, in violation of 18 U.S.C. §§201(b)(1) and 2, and making a material false statement, in violation of 18 U.S.C. §1001(a)(2).[2]  Before me are the remaining portions of defendant Brown's pretrial omnibus motion (Fogg Declaration [27], ¶¶7-9, 13-20, 52),[3] his supplemental motion to preclude and suppress [41], and the government's cross-motion for reciprocal discovery. Government's Response [28], p. 20, ¶XII.

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     The Indictment also contains a forfeiture allegation.

[3]     Although defendant's pretrial motion [27] sought a variety of other relief, his counsel stated that his motions for a bill of particulars (Fogg Declaration [27], ¶¶13-20), for production of the search warrant applications and returns (id., ¶52), and to reserve his right to file a motion to suppress statements (id., ¶¶7-9) are the only portions remaining in dispute. *See* November 15, 2016 Text Order [40].

For the following reasons, defendant's omnibus pretrial motion is granted in part and denied in part, and the government's cross-motion is granted; and I further recommend that defendant's supplemental motion be denied.

**BACKGROUND**

Following defendant's arraignment, a Scheduling Order [13] was implemented, which set a deadline for pretrial motions. At defendant's request, that deadline was twice extended to April 22, 2016. *See* Second Amended Scheduling Order [26], ¶1. On April 23, 2016 defendant filed his pretrial motion [27]. Oral argument of that motion was deferred at defendant's request to permit him to file a supplemental motion for suppression of evidence by September 19, 2016, with the government reserving its right to argue that such supplementation was untimely. *See* August 19, 2016 Text Order [36]. That deadline was extended at defendant's request to October 19, 2016, but no supplemental motion was filed. *See* September 19, 2016 Text Order [38]. At the November 15, 2016 oral argument of his pretrial motion, I afforded defendant another opportunity to file a supplemental motion, and gave him until December 6, 2016 to do so. *See* November 15, 2016 Text Order [40]. On December 7, 2016 defendant filed his supplemental motion to suppress [41],[4] which seeks to preclude or suppress evidence after the termination of his alleged involvement in the charged conspiracy and to suppress evidence obtained from his August 15, 2012 traffic stop. The government opposes the supplemental motion on timeliness grounds, as well as on the merits. Government's Opposition [42].

---

[4] Although defendant's pretrial omnibus and supplemental pretrial motions were each filed a day after their respective deadlines, the government has not opposed the motions on that basis.

ANALYSIS

A.      Defendant's Pretrial Motions

      1.      **Motion for a Bill of Particulars**

Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014) (Scott, M.J.).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the

indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984). With this standard in mind, I will address defendant's request for particularization.

The Indictment alleges that "[b]eginning in or before August 2012 and continuing until in or about May 2013, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendant . . . did knowingly, willfully, and unlawfully combine, conspire, and agree with others, known and unknown to the Grand Jury, to . . . possess with intent to distribute, and to distribute, 1,000 kilograms or more of a mixture and substance containing marijuana". Indictment [1], Count 1. Although defendant seeks the following particularization for "each count" of the Indictment (Fogg Declaration [27], ¶19), his requests plainly focus only on the conspiracy charge:

    a. "A list of all unindicted co-conspirators";

    b. "The specific times, dates, and locations when and where [he] and the other co-conspirators combined and agreed to possess with intent to distribute the controlled substances in question";

    c. "Where 'elsewhere' the co-conspirators allegedly conspired";

    d. "How the co-conspirators, including [him], knowingly, willfully and unlawfully combined, conspired and agreed together to possess with intent to distribute the controlled substances in question";

    e. "[A]ll uncharged overt acts taken by the co-conspirators, including [him]";

    f. "[T]he exact weight of all controlled substances that [he] allegedly conspired . . . to possess";

      g. "[D]escribe the significance of December 2010 as the alleged date of the commencement of the conspiracy";

      h. "Whether or not any individual present during the commission of any alleged overt acts was acting for the government";

      i. "The names . . . of any persons present when the overt and substantive acts allegedly took place";

      j. "The dates . . . when each defendant joined the conspiracy"; and

      k. "The quantity of controlled substance distributed and possessed by each defendant and each co-conspirator". Fogg Declaration [27], ¶19.

      In support of his entitlement to this particularization, defendant argues that the voluntary discovery produced by the government contains "no information or evidence linking [him] to a conspiracy to possess with intent to distribute cocaine or marijuana in any amounts". Fogg Declaration [27], ¶14.[5] The government responds that it "has provided and is providing extensive materials through voluntary disclosure that detail the defendant's participation in the indicted marijuana distribution operation and bribery scheme", including "83 pages of grand jury transcripts for two former participants in the unlawful activity". Government's Response [28], p. 8. It also provides a section in its response to defendant's pretrial motion entitled "Statement of Facts" that details the alleged unlawful conduct. Id., pp. 2-5.

      Although "there is a special concern for particularization in conspiracy cases", United States v. Palmer, 2012 WL 2953659, *3 (W.D.N.Y. 2012) (Scott, M.J.) (citing United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)), "a bill of particulars or other adequate

---

[5]   Defendant is not charged in the Indictment [1] with possession of cocaine. Defendant also seeks particularization of the December 2010 alleged commencement of the conspiracy. Fogg Declaration [27], ¶19(g). However, the Indictment alleges that the conspiracy commenced "in or before August 2012". Indictment [1].

disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666.

While the Indictment lacks any detail describing the alleged conspiracy, the government's production of discovery, including the grand jury testimony of two former co-conspirators in the alleged conspiracy, and the Statement of Facts contained in its response to defendant's motion ([28], pp. 2-5), sufficiently apprises defendant of the alleged conspiracy. *See* United States v. Makki, 2007 WL 781821, *6 (E.D.Mich. 2007), rehearing denied, 2007 WL 1455899 (E.D.Mich. 2007) ("[a]lthough this list [attached to the government's response to the defendant's motion] is not in the form of a Bill of Particulars, the Court can deem such exhibits to be a Bill of Particulars").

Moreover, much of the particularization defendant seeks is not of the type to which he is entitled. "As a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), aff'd, 875 F.2d 857 (2d Cir. 1989). *See also* United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y. 2006) (Foschio, M.J.) ("as the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge"). Thus, "the government need not specify when a particular defendant joined the conspiracy, nor is it required to specify what role each defendant played in the conspiracy. . . . Similarly, to the extent that defendants seek a description of the particular acts for which he or she is being held responsible, or a listing of the acts of which each defendant had knowledge, the

case law is clear that the government is not required to provide the information." United States v. James, 2007 WL 914242, *26 (E.D.N.Y. 2007). *See* United States v. Nicolo, 523 F. Supp. 2d 303, 317 (W.D.N.Y. 2007) (Larimer, J.), aff'd, 421 Fed. App'x 57 (2d Cir. 2011) (Summary Order) ("[a]s a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.  More specifically, details regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be revealed before trial . . . . Likewise, the names of unindicted coconspirators need not be provided"); United States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y. 2007) ("[t]he Second Circuit . . . ha[s] routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with whoms' of the crime charged").  Therefore, this motion is denied.

        2.        **Motion for Production of the Search Warrant Materials**

In response to defendant's motion for production of all search warrant applications and returns associated with this case (Fogg Declaration [27], ¶52), the government states that it has "disclosed the existence of search warrants executed on four mail packages and the premises at 130 East Delavan Avenue in October of 2013", but opposes the production of these materials because defendant lacks standing to contest these searches.  Government's Response [28], p. 12, ¶V(3). Neither party cites any case law in support of their positions.

Apart from the government's Brady,[6] Giglio,[7] and Jencks Act (18 U.S.C. §3500) obligations, "Rule 16 is . . . the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases". United States v. Louis, 2005 WL 180885,

---

[6]    Brady v. Maryland, 373 U.S. 83 (1963).

[7]    Giglio v. United States, 405 U.S. 150 (1972).

*2 (S.D.N.Y. 2005). Rule 16 permits disclosure of "papers, documents, data, [and] tangible objects" if the items are material to preparing a defense, the government intends to use the items in its case-in-chief at trial, or the items were obtained from or belong to the defendant. Rule 16(a)(1)(E)(i) – (iii).

The government's sole objection to the production of the search warrant applications is that defendant lacks standing to contest the resultant searches. However, it raises no objection as to the discoverability of these materials under Rule 16. Therefore, I see no basis for denying the production of these materials, but recognizing that they may contain informant identities, Jencks material or other information that the government may have a proper basis for withholding at this time, the government may redact these materials, if necessary, and defendant reserves his right to contest such redactions.

### 3. Motion to Preclude and Suppress Evidence

Based upon defendant's belief that the government intends to introduce certain evidence at trial that resulted from the execution of search warrants in October 2013, he argues that these materials relate to the period after he ceased his involvement in the alleged conspiracy in May 2013. Fogg Supplemental Declaration [41], ¶¶4-5. According to defendant, he "should not be required to defend against actions or conduct of others committed . . . after [his] alleged involvement in the claimed conspiracy". Id., ¶8. Therefore, he contends that this evidence "is irrelevant, immaterial and any probative value is substantially outweighed by its prejudicial effect". Id., ¶9. In response, the government argues that defendant offers no basis for suppression, and that this evidence would be properly admitted at trial pursuant to Fed. R. Evid. 401 and 403. Government's Opposition [42], pp. 1-5.

"It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir. 2003).  Defendant offers no such basis for warranting suppression of this evidence.  Nor does he establish his standing to challenge these warrants.  See Rakas v. Illinois, 439 U.S. 128, 132 n. 1 (1978) ("[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure").  Therefore, I recommend that this portion of defendant's motion be denied.

To the extent that defendant seeks to preclude the use of this evidence at trial on relevancy grounds, this issue is better addressed by the trial judge at the time of trial.  See United States v. Humphrey, 2013 WL 3322613, *4 (W.D.N.Y. 2013) (Schroeder, M.J.) ("the issue of admissibility of such evidence pursuant to Rule[ ] 403 . . . of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial").  Therefore, this motion is denied, without prejudice.

### 4. Motion to Suppress Evidence Obtained from an Alleged Unlawful Motor Vehicle Stop

In support of his motion to suppress the evidence, defendant argues that "he was conducting himself and operating his motor vehicle in a lawful manner when a Town of Amherst Police Officer wrongly and unlawfully forced him to discontinue his free movement on and about a public highway".  Fogg Supplemental Declaration [41], ¶15.  He explains that he was unable to file this motion earlier, because his initial encounter with law enforcement was previously unclear from the discovery.  Id., ¶¶11-14.  The government opposes the motion, arguing, *inter alia*, that defendant fails to establish good cause for the untimeliness of his motion

and fails to attach a supporting affidavit or declaration from an individual with personal knowledge of the alleged facts. Government's Opposition [42], pp. 5-7.

Even if defendant could establish good cause for his failure to timely seek suppression of this evidence (*see* Rule 12(c)(3)), an evidentiary hearing on a motion to suppress is only required "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact [exist]". United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005). Thus, the court has discretion to deny a hearing where "the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge". United States v. Carter, 2012 WL 4721117, *2 (W.D.N.Y.), adopted 2012 WL 4713900 (W.D.N.Y.2012) (Arcara, J.) (*citing* United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967)). See United States v. Perryman, 2013 WL 4039374, *6 (E.D.N.Y.2013) ("[c]ourts in this Circuit have repeatedly denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge" (citing cases)); United States v. Cook, 348 F.Supp.2d 22, 28 (S.D.N.Y. 2004) (same).

Consistent with this requirement, each of my Scheduling Orders [13, 24, 26] in this case expressly cautioned defendant that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing. See United States v. Marshall, 2012 WL 5511645, *2 (W.D.N.Y.), adopted 2012 WL 5948782 (W.D.N.Y. 2012); United States v. Longo, 70 F.Supp.2d 225, 248 (W.D.N.Y. 1999)". Nonetheless, defendant's supplemental

motion is not accompanied by an affidavit or declaration from him substantiating the factual basis for the motion. Therefore, I recommend that this motion be denied.

### 5. Motion to Reserve the Right to Seek Suppression of Statements

According to defendant, the government's voluntary discovery included the statement that is the subject of the false statement count of the Indictment ([1], Count 5), but no other statements attributed to him were included in the discovery. Fogg Declaration [27], ¶7. Consequently, he seeks notification from the government of any additional statements attributed to him that it seeks to use at trial. Fogg Declaration [27], ¶8. He also reserves his right to move to suppress any such statements, including the statement that is the subject of Count 5 of the Indictment, or in the alternative requests that a hearing be scheduled. Id., ¶9.[8]

In response, the government states that there are no statements by defendant to law enforcement that it intends to introduce against defendant with respect to Counts 1 through 4 of the Indictment. Government's Response [28], p. 6. Based upon that representation, this portion of the motion is denied.

The government also opposes defendant's reservation of his right to seek suppression of the statement that forms the basis of Count 5 of the Indictment. As argued by the government, defendant fails to give any reason for that request. Government's Response [28], p. 7. Therefore, this portion of the motion is denied, without prejudice to the possibility of a suppression motion in the future, upon a showing of good cause for why it was not timely asserted. *See* Rule 12(c). Unless and until a motion to suppress statements is filed and good

---

[8] Defendant's supplemental motion to suppress [41] appears to encompass the statement that is the subject of Count 5 of the Indictment as fruit of the allegedly illegal stop of his vehicle. *See* Fogg Supplemental Declaration [41], ¶¶10-16 and "Wherefore" clause.

cause is demonstrated for its untimeliness, it is also premature to address defendant's alternative request for a hearing. Therefore, this portion of the motion is also denied, without prejudice.

**B.      Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [28], p. 20, ¶XII. Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304-05 (W.D.N.Y. 2007) (Foschio, M.J./Arcara, J.).

**CONCLUSION**

For these reasons, defendant's omnibus pretrial motion is granted to the extent it seeks production of all search warrant applications and returns associated with this case (Fogg Declaration [27], ¶52), but is otherwise denied (id., ¶¶7-9, 13-20), and the government's cross-motion (government's Response [28], p. 20, ¶XII) is granted; and I further recommend that defendant's supplemental motion to preclude and suppress [41] be denied.

Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by January 17, 2017 (applying the time frames set forth in Rules 45(a)(1)(C) and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated:  January 3, 2017

       /s/ Jeremiah J. McCarthy
       JEREMIAH J. MCCARTHY
       United States Magistrate Judge